JOURNAL ENTRY and OPINION.
{¶ 1} Michael A. Dineen appeals from a sentence imposed by the common pleas court in connection with his convictions of unlawful sexual conduct with a minor, pandering sexually oriented matter involving a minor, and interference with custody. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court's imposition of the maximum sentence allowable by law was in error since the court did not determine that sentencing the appellant to the minimum term of incarceration would demean the seriousness of the offense or fail to adequately protect the public as the appellant was a first time felony offender with no prior history of incarceration."
 {¶ 3} "II. Michael Dineen was deprived of his liberty without due process of law by his consecutive sentences, as said sentences do not comport with Ohio's sentencing structure."
 {¶ 4} Having reviewed the record and pertinent law, we affirm his sentence. The apposite facts follow.
 {¶ 5} A grand jury indicted Dineen with five counts of unlawful sexual conduct with a minor, 22 counts of second-degree felony of pandering sexually oriented matter involving a minor, 22 counts of fourth-degree felony of pandering sexually oriented matter involving a minor, one count of interference with custody, and one count of possession of criminal tools. These charges arose from Dineen's engagement in sexual acts with a 15-year-old girl, whom he lured on the internet and kept in his apartment for a month, and from his large collection of child pornography.
 {¶ 6} Dineen entered a guilty plea to three counts of unlawful sexual conduct with a minor, four counts of fourth-degree felony of pandering sexually oriented matter involving a minor, and the interference with custody count. The court subsequently sentenced him to a five-year prison term for each of his offenses of unlawful sexual conduct with a minor, to run consecutively. It also sentenced him to eighteen months each on the four counts of pandering sexually oriented matter involving a minor, to run concurrent with each other but consecutive with the three five-year terms for his offenses of unlawful sexual conduct with a minor. The court additionally sentenced him to six months in prison for interference with custody, to run concurrently with the other terms.
 {¶ 7} Our review begins with R.C. 2929.11(A), which delineates the purposes of felony sentencing, providing, in part:
 {¶ 8} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 9} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} In his first assignment of error, Dineen claims the court should have imposed the shortest prison term authorized for his offenses because he previously had not served a prison term, complaining that the court failed to conduct an adequate analysis before making its finding that the shortest term would demean the seriousness of his conduct and would not adequately protect the public from future crimes.
 {¶ 11} In this connection, R.C. 2929.14(B) directs a court to impose the shortest prison term authorized for the offense on a defendant who had not served a prison term, unless it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender.[1]
 {¶ 12} Regarding his offenses of unlawful sexual conduct with a minor, our review of the record indicates the court made the finding that the shortest term of imprisonment would demean the seriousness of the offender's conduct and that the shortest term will not adequately protect the public from this offender. In making this finding, the court provided the following analysis:
 {¶ 13} "I have to take into consideration [of] how and why this occurred, and as I read the details of the instant offense, it looks as if you struck up a relationship with this young woman and gained her trust and then actually went out to her home and picked her up and brought her to North Olmsted.
 {¶ 14} "It's also highly troubling to the Court that there was another individual present, albeit it indicates that she didn't actually engage in sex acts, and she's barely an adult, 19 years old, who was present with you while you were staying at this Studio Plus in North Olmsted, during at least one of your initial sexual encounters with this young woman.
 {¶ 15} "The other thing that this Court will take into consideration is that you indicated to the PSI writer that she was a very mature young woman and knew what she was doing, and I submit to you that this is not the case with a 15-year-old impressionable child.
 {¶ 16} "Individuals who have a predilection towards children, which you obviously do, because you have hundreds, if not thousands, of materials with young females in various states of undress and also engaging in sexual conduct, obviously you are interested in children, and you lured this child by gaining her trust and engaged in this unlawful sexual conduct with her.
 {¶ 17} "So, therefore, I'm going to make the finding that the shortest term of imprisonment would demean the seriousness of the offender's conduct and that the shortest term will not adequately protect the public from the offender or others." (Tr. 26-28.)
 {¶ 18} In connection with his offense of pandering sexually oriented matter involving a minor, the court stated:
 {¶ 19} "* * * [W]hat we are talking about are multiple images of children in different stages of undress, as well as children engaged in sexual acts with other children and with adults.
 {¶ 20} "Those are sick and demented pictures that you downloaded off the internet for your pleasure, and as happened, your having those pictures and taking pleasure from those pictures accelerated into a situation where you were involved actually in sex with a minor, and in addition to that, that you had this minor, as well as a 19-year-old, living with you, and that you had these pictures all around and about.
 {¶ 21} "* * *.
 {¶ 22} "Certainly, having pictures of children in various stages of undress is grave, and having them in sexual positions and performing sexual acts, not only with adults, but with other children, certainly the Court can make the finding and will, pursuant to R.C. 2929.14(B), that the shortest term of imprisonment demeans the seriousness of the offender's conduct and the shortest term would not adequately protect the public from the offender or others." (Tr. 38-39.)
 {¶ 23} Regarding the R.C. 2929.14(B)(2) finding, our court has stated the statute does not require the trial court to state its reasons for imposing a prison term if such reasons are otherwise apparent in the record.[2] Here, the court gave reasons for its finding and these reasons are supported by the record. Therefore, the court did not err in not imposing the shortest terms for his offenses.
 {¶ 24} In this assignment of error, Dineen also challenges the court's imposition of maximum sentence for each of his offenses.
 {¶ 25} In reviewing a maximum sentence, we refer to R.C. 2929.14(C), which states:
 {¶ 26} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
 {¶ 27} For a maximum sentence to be proper, the record must reflect the court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C).[3]
 {¶ 28} Additionally, R.C. 2929.19(B)(2)(d) provides that when imposing a maximum sentence on an offender for a single offense, a trial court must make a finding that gives its reasons for the maximum prison term.
 {¶ 29} Here, the record reflects the court found the existence of two 2929.14(C)factors: that he (1) committed the worst form of the offenses and also (2) poses the greatest likelihood of committing future crimes.
 {¶ 30} Moreover, the record contains the reasons the court gave in making these findings. Regarding his offenses of unlawful sexual conduct with a minor and interference with custody, the court commented on the victim's young age, the great age difference between Dineen and the victim, his utilization of the internet to lure the victim from the safety of her home, his manipulation of her into engaging in sexual acts with him, and the severe psychological damages suffered by the victim. Regarding his offenses of pandering sexually oriented materials involving a minor, the court emphasized the materials contain children in different states of undress and children engaging in sexual acts with other children as well as adults.
 {¶ 31} The record thus reflects the court made the necessary findings and gave its reasons in compliance with the mandates of Senate Bill 2 when it imposed the maximum sentences for Dineen's offenses.
 {¶ 32} Accordingly, we overrule his first assigned error.
 {¶ 33} In his second assignment of error, Dineen challenges the court's imposition of consecutive sentences for the three counts of unlawful sexual conduct with a minor and its imposition of a sentence of 18 months for his offense of pandering sexually oriented material to be served consecutively with those three five-year terms.
 {¶ 34} R.C. 2929.14(E)(4) provides the circumstances where consecu-tive sentences are proper:
 {¶ 35} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 36} "* * *
 {¶ 37} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 38} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 39} Furthermore, R.C. 2929.19(B)(2)(c) requires a court to make a finding that gives its reasons when imposing consecutive sentences. Here, our review of the transcript from the sentencing hearing reflects that prior to imposing consecutive sentences for the three counts of unlawful sexual conduct with a minor the court provided the following three-tier analysis:
 {¶ 40} "In looking at Counts 1, 2, 3 [relating to unlawful sexual conduct with a minor], the Court has to look at an ongoing pattern of sexual activity over a period of time, different types of sexual acts, and then, of course, differentiate Count 1, which involves a sexual act which took place near another woman, age 19.
 {¶ 41} "And I'm going to look at R.C. 2929.14(E)(4). I do find and this Court imposes, having made much more than the minimum, the maximum findings for Count 1 of the indictment, a five year sentence; for Count 2 of the indictment; and for Count 3 of the indictment, a five year sentence, in looking at each count separately.
 {¶ 42} "And again, in looking at oral sex and looking at vaginal sex and looking at sex wherein you were taking up residence with this young woman, as well as a 19-year-old young woman and somebody that you lured from the Internet and then met her, actually went and picked her up and brought her into your world and took control over her, I am going to make the finding, pursuant to R.C. 2929.14(E), that consecutive terms are necessary to protect the public, that consecutive terms are necessary to punish the offender.
 {¶ 43} "In looking at the seriousness factors, again, the incident was worsened by the age of the victim. The victim did suffer serious psychological harm as a result of the offense and actually was manipulated into believing that she actually was in love with you, and also that the relationship that you formed with this victim facilitated the offense.
 {¶ 44} "So, therefore, I'm going to make the finding under Subsection 3 that the terms are not disproportionate to the seriousness of the offender's conduct.
 {¶ 45} "In looking at the statement that you have made, where you talk about the fact that you've lost your career, your car, your home and your integrity and dignity, I also have to look at the fact that you indicate to this Court that `she was happy with me, and the fear of what would happen at home prevented her from going home,' and that you never forced her into anything, that you believe you never exploited her.
 {¶ 46} "And I, therefore, make the second tier of the finding under Subsection 3, that the danger the offender poses to the public is so great that consecutive prison terms are necessary. So, therefore, the terms are not disproportionate to the danger the offender poses to the public.
 {¶ 47} "And in bifurcating Subsection 3, I'm able to make both findings.
 {¶ 48} "And in addition to this, for all the reasons stated, and the fact that we have a young woman that still does not seem to understand that anything was wrong here, as well as the fact that you're an individual who went and took her out of her home and brought her into this environment, there was no reason for you to come into Ohio, other than to pick up this young woman and take up or take on a relationship with her, that makes you a predator. That makes her your prey.
 {¶ 49} "And I'm going to make the finding that the harm caused was so great that no single prison term adequately reflects the seriousness of the conduct. I'm going to run Counts 1, 2 and 3 consecutive with one another." (Tr. 34- 37)
 {¶ 50} The transcript then reflects the court imposed four concurrent counts of pandering sexually oriented matter involving a minor, stating it could not make all the necessary findings to justify consecutive sentences.
 {¶ 51} Next, in considering whether the prison term for these four counts should run consecutively with the three counts of unlawful sexual conduct with a minor, the court, emphasizing that the pandering counts are separate and distinct from the counts of unlawful sexual conduct with a minor, provided the following three- tier analysis:
 {¶ 52} "* * * [i]n looking at Counts 28, 29 and 31 [regarding pandering sexually oriented matter], that is a separate and distinct behavior which this Court takes very seriously.
 {¶ 53} "It's not that you just had a hundred or a thousand pictures of little kids laying around, but it's that you had 100, 200, 300, maybe even a thousand photos of kids engaging in sex with other kids, and that victimizes each and every child. Every time you download, that's a hit on that child.
 {¶ 54} "There is a reason they use the word `hit.' Every time you download, you victimize those children, as well as victimizing the young lady who's the victim in this case. Each and every time you do that that's a hit of the computer, that's taking advantage of the children actually in the pictures.
 {¶ 55} "And in addition to that, they were also involved with adults.
 {¶ 56} "I don't know if that's what triggered this off or not, but I am going to indicate to you that having these pictures of young children and actually engaging in conduct with a minor are separate and distinct activities.
 {¶ 57} "So, therefore, in looking at 28, 29, 31 * * *, I am going to make the finding that consecutive terms are necessary to protect the public with respect to running all of these counts, which are concurrent with one another, consecutive to the amount of time that you were sentenced for each and every unauthorized sexual conduct with a minor.
 {¶ 58} "I'm going to indicate that consecutive terms are necessary to punish the offender.
 {¶ 59} "* * * [i]n looking at the offenses of having these photos of children in various states of undress and being in various sexual positions with both adults and children, I'm going to make the finding that the terms are not disproportionate to the seriousness of the offender's conduct, and also, again, taking into consideration that it's even wrong to have these photos, and I'd indicate the terms are not disproportionate to the danger the offender poses to the public.
 {¶ 60} "Certainly, there was harm caused to each and every child involved in these photos, there was harm caused to the young lady in this case, and obviously, there was harm caused to the 19-year-old woman who was involved as well.
 {¶ 61} "I'm going to make a finding that the harm caused was so great that no single prison term adequately reflects the seriousness of the conduct." (Tr. 43-44.)
 {¶ 62} Dineen complains in particular the court did not provide reasons for the finding that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. Having reviewed the sentencing transcript, we are satisfied that the court sufficiently articulated the reasons for its findings, including the seriousness finding. Underlying the court's analysis is its emphasis on the great danger posed to the public in Dineen's modus operandi — luring a very young girl through the use of the internet, and engaging in sexual conduct with her in conjunction with his possessing a large quantity of materials depicting children in various sexual acts.
 {¶ 63} Because we conclude the court complied with the sentencing laws in its imposition of consecutive sentences for Dineen's offenses, we overrule his second assigned error.
Judgment affirmed.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] See R.C. 2929.14(B)(2).
[2] State v. Tucker (October 28, 1999), Cuyahoga App. No. 74950; Statev. Phillips (June 18, 1997), Hamilton App. No. C-960898; State v. White
(Jan. 20, 1994), Cuyahoga App. No. 63879; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141; State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682.
[3] State v. Edmonson (1999), 86 Ohio St.3d 324, 329.